# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NOS. 3:09cv125 & 3:09cv154

| | |
|---|---|
| FLICK MORTGAGE INVESTORS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHICAGO TITLE INSURANCE COMPANY, )<br>)<br>Defendant. )<br>_____ )<br>)<br>GMAC MORTGAGE, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FLICK MORTGAGE INVESTORS, INC., )<br>)<br>Defendant. )<br>_____ )  | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff GMAC Mortgage, LLC's Motion to Consolidate Cases [Civil Action No. 3:09cv154, Doc. 6].

I.    **FACTUAL & PROCEDURAL BACKGROUND**

On April 15, 2009, GMAC Mortgage, LLC ("GMACM") filed an action in this Court against Flick Mortgage Investors, Inc. ("Flick Mortgage), asserting a claim for breach of contract.  [Civil Action No. 3:09cv154, Doc. 1]. Specifically, GMACM alleges that Flick Mortgage breached the terms of the parties' Correspondent Agreement for Purchase and Sale of Residential Mortgage Loans ("Correspondent Agreement"), whereby Flick Mortgage transferred certain mortgage loans to GMACM for servicing.  [Id. at ¶¶22-28].

In its Complaint, GMACM alleges that pursuant to the Correspondent Agreement, Flick Mortgage transferred a $469,000 loan ("the Loan") originated by Flick Mortgage and secured by property located at 6129 Providence Glen Road in Charlotte, North Carolina ("the Property").  [Id. at ¶11].  GMACM alleges that the Loan was not a first priority lien on the Property, as Flick Mortgage originated and recorded the Loan before satisfying a previous $450,000 loan ("First Priority Loan") secured by the property.  [Id. at ¶13].  GMACM alleges that when it demanded that Flick Mortgage repurchase the Loan pursuant to the terms of the Correspondent Agreement, Flick Mortgage failed to do so.  [Id. at ¶¶20, 21].

Based upon the Loan's subordinate position and GMACM's repurchase demand, Flick Mortgage asserted a title claim with Chicago Title Insurance Company ("Chicago Title"), which had insured the title for the Loan. [Civil Action No. 3:09cv125, Doc. 1 at 10 ¶25]. Because Flick Mortgage had not yet repurchased the loan from GMACM, Chicago Title denied Flick Mortgage's claim. [Id. at 11 ¶32]. After its title claim was denied, Flick Mortgage instituted an action for breach of contract and bad faith denial of an insurance claim against Chicago Title in the Mecklenburg County General Court of Justice, Superior Court Division. [Id. at 11-13]. Chicago Title removed the action to this Court on March 27, 2009. [Id. at 1]. This action was assigned to Senior United States District Judge Graham C. Mullen.

## II.   MOTION TO CONSOLIDATE

On April 15, 2009, the Plaintiff GMAC Mortgage, LLC ("GMACM") filed a motion to consolidate its civil action against Flick Mortgage with Flick Mortgage Investors, Inc. v. Chicago Title Insurance Company, Civil Case No. 3:09cv125. [Civil Action No. 3:09cv154, Doc. 4]. On April 22, 2009, the Court denied the motion without prejudice, on the ground that GMACM had not filed a notice in the proposed member case as required by the Local Rules. [Civil Action No. 3:09cv154, Doc. 5].

3

Having filed a notice of said motion in the proposed member case, [Civil Action No. 3:09cv125, Doc. 4], GMACM now renews its motion to consolidate. [Civil Action No. 3:09cv154, Doc. 6]. The Defendant in the proposed member case, Chicago Title Insurance Company, opposes GMACM's motion, arguing that there are no common questions of law and fact and that consolidation would be confusing to the jury and inherently prejudicial to Chicago Title, as the jury would be informed about the possibility of insurance coverage in the case between GMACM and Flick Mortgage. [Doc. 7]. In response to Chicago Title Insurance Company's objections, GMACM modifies its request by seeking consolidation of only pretrial matters and not the trial of these two cases. [Doc. 8].

III. **ANALYSIS**

Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "As the rule states, a motion to consolidate must meet the threshold requirement of involving a common question of law or fact. If that threshold requirement is met, then whether to grant the motion becomes an issue of judicial discretion." Pariseau v. Anodyne Healthcare Mgmt., Inc., No. Civ. A. 3:04-CV-630, 2006 WL 325379, at *1 (W.D.N.C. Feb. 9, 2006) (internal quotation marks omitted). As the United States District Court for the Middle District of North Carolina has explained:

> In exercising its discretion in such regard, the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.

In re Cree, Inc., Sec. Litig., 219 F.R.D. 369, 371 (M.D.N.C. 2003).

Upon reviewing the pleadings filed in the above-captioned cases, the Court finds that these actions involve the common legal question of whether Flick Mortgage is obligated to repurchase the Loan from GMACM. The cases also involve the common factual question of whether a lien remains with priority over the GMACM lien and whether the closing attorney failed to ensure that GMACM's lien had first priority. Based upon these common

5

questions of law and fact, the Court finds that consolidation of these two actions into one single action would be appropriate. Consolidation of these cases would save judicial resources. Johnson v. Celotex Corp., 899 F.2d 1281, 1285 (2d Cir. 1990) (noting that consolidation is favored where supported by "considerations of judicial economy"). Further, consolidating these cases only for pretrial matters alleviates any possible confusion of the jury or prejudice to Chicago Title that might result by consolidating these cases for trial. See Pariseau, 2006 WL 325379, at *2 ("Notably, all of the arguments made by the Defendants in opposition to consolidation are centered around the potential for juror confusion at trial and the possible resulting prejudice to the Defendants. Defendants do not present any arguments why a motion granting consolidation until the close of discovery would present a hardship."). Finally, the Court notes that Judge Mullen concurs in the consolidation and assignment of these two cases.

Accordingly, for the reasons stated in the Plaintiff's Motion, and for cause shown, **IT IS, THEREFORE, ORDERED** that the Motion to Consolidate Cases [Civil Action No. 3:09cv154, Doc. 6] is **ALLOWED**, and these two civil actions are hereby **CONSOLIDATED** for all pretrial matters, in accordance with Rule 42(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to reassign Civil Action No. 3:09cv154 to the Honorable Graham C. Mullen, Senior United States District Judge.

**IT IS FURTHER ORDERED** that Civil Action No. 3:09cv125 is designated as the lead case. Pursuant to Local Rule 5.2.1(D), all further proceedings will be docketed and filed in the designated lead case only.

**IT IS SO ORDERED.**

Signed: May 20, 2009

Martin Reidinger
United States District Judge